```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

PAULO RENDON,

    Plaintiff,

v.                              Case No: 2:22-cv-497-JES-NPM

VICTOR AMANZAR, MD,

    Defendant.

_____

## OPINION AND ORDER

Before the Court is Paulo Rendon's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Doc. #1). Rendon—a prisoner of the Florida Department of Corrections—seeks to recover damages from Dr. Victor Amanzar. United States Magistrate Judge Nicholas Mizell granted Rendon leave to proceed in forma pauperis, so the Court must review the Complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. See 28 U.S.C. § 1915(e)(2).

Rendon fails to state a claim. The body of Rendon's Complaint appears to be a verbatim reproduction of three administrative documents: an inmate request regarding medical care, a response from prison staff, and a request to see a kidney specialist. Rendon does not provide context or make any other allegations.

The only part of Rendon's Complaint that mentions Amanzar is the second administrative request. It claims Amanzar told Rendon his sugar levels were high and prescribed a pre-dialysis diet, which Rendon called "good." The request also states that "the doctor"—presumably Amanzar—does not have all his medical records and has not told Rendon if any future treatment has been scheduled.

Given the subject matter of Rendon's administrative requests, he is presumably attempting to make an Eighth Amendment claim for deliberate indifference to a serious medical need. To prevail, Rendon "must show: '(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir.2010) (quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009)). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted).

Rendon has not alleged any conduct by Dr. Amanzar that could be construed as deliberate indifference. The Court will thus dismiss the Complaint and grant Rendon leave to amend. If Rendon files an amended complaint, it must allege facts that satisfy each element of an Eighth Amendment claim. An amended complaint also must comply with the Federal Rules of Civil Procedure, particularly

Rules 8 and 10. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Accordingly, it is hereby

**ORDERED:**

(1) Paulo Rendon's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Doc. #1) is **DISMISSED without prejudice.**

(2) Rendon may file an amended complaint by **December 23, 2022. Otherwise, the Court will close this case without further notice.**

(3) The Clerk is **DIRECTED** to mail Rendon a civil rights complaint form bearing the above-captioned case number and the title "Amended Complaint."

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of December 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record